Filed 7/28/15  P. v. Robertson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B259001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA354868) |
| v. | |
| JENNIFER JANET ROBERTSON, | |
| Defendant and Appellant. | |

THE COURT:[*]

      Jennifer Janet Robertson appeals from the restitution order imposed following a hearing on the remittitur after this court remanded defendant's case for a new restitution hearing.  Defendant was convicted of grand theft of personal property (Pen. Code, § 487, subd. (a))[1] and perjury by declaration (§ 118, subd. (a)) in connection with claims she made for child care benefits to which the jury found she was not entitled.[2]  The trial court maintained its prior ruling on the amount of restitution.

---

[*]      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]      All further references to statutes are to the Penal Code unless stated otherwise.

[2]      We take judicial notice of our unpublished opinion in case No. B241119, filed January 7, 2014.  (Evid. Code, §§ 459, subd. (a), 452, subd. (d)(1).)

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On March 24, 2015, we advised defendant that she had 30 days within which to personally submit any contentions or issues that she wished us to consider. No response has been received to date.

In case No. B241119, this Court remanded defendant's case to the trial court to reconsider its restitution order and exercise its discretion in light of the reversal of one of the perjury counts. In doing so, we noted that when restitution is ordered as a condition of probation, the restitution amount is not limited in the same manner as when a defendant is sentenced to prison and is not confined to damages specifically caused by the crime of which the defendant was convicted. (See, e.g., *People v. Lent* (1975) 15 Cal.3d 481, 486–487 [ordering victim restitution as a probation condition for monies allegedly defrauded but for which the defendant was acquitted].) After considering the People's brief, the exhibits, and trial testimony, and after hearing extensive argument from both parties, the trial court determined that the amount of restitution it had previously ordered was appropriate.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.